UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RHONDA RAMONA THOMPSON,

Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

Defendant.

No. 2:12-cv-01850-AC

ORDER

This matter is before the court on plaintiff's motion for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), filed on May 16, 2014. ECF No. 22. The Commissioner of Social Security ("the Commissioner") filed an opposition on June 16, 2014. ECF No. 23. On September 13, 2014, plaintiff filed a motion to withdraw her motion for EAJA fees along with a second motion for EAJA fees. ECF Nos. 24 & 25.

Plaintiff brought this action seeking judicial review of a final decision of the Commissioner denying her application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act"). ECF No. 1. On January 16, 2014, following the filing of a motion for summary judgment by plaintiff and a cross-motion for summary judgment by defendant, the court granted plaintiff's motion in part, reversed the decision of the Commissioner and remanded the action for further proceedings. ECF No. 20.

The court's decision was based upon the conclusion that the Administrative Law Judge

("ALJ") failed to provide specific, legitimate reasons for giving the opinion of plaintiff's treating physicians, Dr. Susana Gonzalez, M.D., and Dr. Jose Baldonado, M.D., less than controlling weight. Id. at 6–8, 11–12. Summary judgment was therefore entered for plaintiff on this issue. Id. at 11–12. The court remanded the matter for a new hearing and directed the ALJ to properly consider Dr. Gonzalez and Dr. Baldonado's opinions in making plaintiff's disability determination. Id.

On May 16, 2014, plaintiff filed a motion for attorney fees seeking an award of $11,837.90 for 63.4 hours of attorney time expended in connection with this action. See ECF No. 22. On June 16, 2014, the Commissioner filed an opposition arguing that plaintiff's motion should be denied because her application was untimely. ECF No. 23. Specifically, the Commissioner argued that plaintiff's application was premature because the court's order had not yet been subject to a final judgment. Id. On September 13, 2014, plaintiff filed a motion to withdraw her application for EAJA fees, conceding that her application was untimely. ECF No. 24. On the same day, plaintiff filed a second motion for EAJA fees requesting the same amount as her first.[1] ECF No. 25.

The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that

[1] The Commissioner's opposition argues that plaintiff's application was premature because final judgment had not yet been entered on the day her EAJA application was filed. ECF No. 23. 28 U.S.C. § 2412(d)(1)(B) states that "[a] party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses." In social security appeals, a judgment is final when the time for appeal has ended, 60 days after judgment is entered. Shalala v. Schaefer, 509 U.S. 292, 302 (1993).

Although it is true that judgment had not yet been formally entered when plaintiff filed her EAJA application, that does not mean it was untimely. § 2412 requires a prevailing party to file an application for EAJA fees within 30 days of final judgment. The Commissioner has not pointed to any authority, and the court is not aware of any, supporting the proposition that a prevailing party cannot file an EAJA application before a final judgment is formally entered. There is, in fact, ample authority to contradict this assertion. Shalala, 509 U.S. at 303 (affirming an award of fees where "final judgment" had not been formally entered); Kadelski v. Sullivan, 30 F.3d 399, 402 (3d Cir. 1994) (same). Accordingly, the court finds that plaintiff's May 14, 2014, application was not untimely. The court will deny plaintiff's motion to withdraw based on that proposition and deny her subsequent application as moot.

special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). See also Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002). "It is the government's burden to show that its position was substantially justified or that special circumstances exist to make an award unjust." Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001).

A "party" under the EAJA is defined as including "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed[.]" 28 U.S.C. § 2412(d)(2)(B)(i). The term "fees and other expenses" includes "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A). "The statute explicitly permits the court, in its discretion, to reduce the amount awarded to the prevailing party to the extent that the party 'unduly and unreasonably protracted' the final resolution of the case." Atkins v. Apfel, 154 F.3d 986, 987 (9th Cir. 1998) (citing 28 U.S.C. §§ 2412(d)(1)(C) & 2412(d)(2)(D)).

A party who obtains a remand in a Social Security case is a prevailing party for purposes of the EAJA. Shalala, 509 U.S. at 300–01 ("No holding of this Court has ever denied prevailing-party status . . . to a plaintiff who won a remand order pursuant to sentence four of § 405(g) . . . , which terminates the litigation with victory for the plaintiff."). "An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded." Gutierrez, 274 F.3d at 1257.

Here, the court finds that plaintiff is the prevailing party. Moreover, the court finds that plaintiff did not unduly delay this litigation, and that her net worth did not exceed two million dollars when this action was filed. The court also finds that the position of the government was not substantially justified. Once again, "[i]t is the government's burden to show that its position was substantially justified or that special circumstances exist to make an award unjust." Gutierrez, 274 F.3d at 1258. The Commissioner's opposition does not argue that her position was substantially justified or that special circumstances existed. Accordingly, the court finds that the

////

////

////

Commissioner has not met its burden and the position of the government was not substantially justified.[2]

The EAJA expressly provides for an award of "reasonable" attorney fees. 28 U.S.C. § 2412(d)(2)A). Under the EAJA, hourly rates for attorney fees have been capped at $125.00 since 1996, but district courts are permitted to adjust the rate to compensate for an increase in the cost of living.[3] See 28 U.S.C. § 2412(d)(2)(A); Sorenson v. Mink, 239 F.3d 1140, 1147–49 (9th Cir. 2001); Atkins v. Apfel, 154 F.3d 986, 987 (9th Cir. 1998). Determining a reasonable fee "requires more inquiry by a district court than finding the 'product of reasonable hours times a reasonable rate.'" Atkins, 154 F.3d at 988 (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983) (internal citations omitted)). The district court must consider "the relationship between the amount of the fee awarded and the results obtained." Id. at 989 (quoting Hensley, 461 U.S. at 437).

Here, plaintiff's attorney obtained an order for a new hearing despite defendant's cross-motion for summary judgment. After carefully reviewing the record and the pending motion, the court finds that the claimed 63.4 hours to be a reasonable amount of attorney time to have

---

[2] Even if the Commissioner had argued her decision was substantially justified or that special circumstances existed the court would not agree. Generally, the uncontradicted opinion of a treating physician must be given controlling weight absent clear and convincing reasons not to. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995), as amended (Apr. 9, 1996) (citing Pitzer v. Sullivan, 908 F.2d 502, 506 (9th Cir. 1990)). If contradicted by another doctor, the opinion of a treating physician can be rejected only for "specific and legitimate reasons" that are supported by substantial evidence in the record. Id. at 830–31 (citation and internal quotation marks omitted). The ALJ gave the opinions of Dr. Gonzalez and Dr. Baldonado less than controlling weight without offering any reasons for his decision. Accordingly, the court found that the ALJ committed legal error by not explaining his decision to give less than controlling weight to the treating physicians' opinions and granted plaintiff's motion for summary judgment. The court finds, therefore, that the government's position was not substantially justified and that special circumstances did not exist making the award of EAJA fees unjust. See Meier v. Colvin, 727 F.3d 867, 870 (9th Cir. 2013) (position of the government "includes both the government's litigation position and the underlying agency action giving rise to the civil action.").

[3] In accordance with Thangaraja v. Gonzales, 428 F.3d 870, 876–77 (9th Cir. 2005), and Ninth Circuit Rule 39-1.6, the Ninth Circuit Court of Appeals maintains a list of the statutory maximum hourly rates authorized by the EAJA, as adjusted annually. The rates may be found on the Court's website. See http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039. Here, plaintiff's requested rates are consistent with the statutory maximum rates established by the Ninth Circuit.

expended on this matter and declines to conduct a line-by-line analysis of counsel's billing entries. See, e.g., Stewart v. Sullivan, 810 F. Supp. 1102, 1107 (D. Haw. 1993); Vallejo v. Astrue, No. 2:09-cv-3088 KJN, 2011 WL 4383636, at *4 (E.D. Cal. Sept. 20, 2011); Destefano v. Astrue, No. 05-cv-3534, 2008 WL 623197, at *4 (E.D.N.Y. Mar. 4, 2008). While the issues presented may have been straightforward, 63.4 hours can be fairly characterized as within the limit of what would be considered a reasonable amount time spent on this action when compared to the time devoted to similar tasks by counsel in like social security appeals coming before this court. See Boulanger v. Astrue, 2:07-cv-0849 DAD, 2011 WL 4971890, at *2 (E.D. Cal. Oct. 19, 2011) (finding 58 hours to be a reasonable amount of time); Watkins v. Astrue, 2:06-cv-1895 DAD, 2011 WL 4889190, at *2 (E.D. Cal. Oct. 13, 2011) (finding 62 hours to be a reasonable amount of time); Vallejo v. Astrue, No. 2:09-cv-03088 KJN, 2011 WL 4383636, at *5 (E.D. Cal. Sept. 20, 2011) (finding 62.1 hours to be a reasonable amount of time); Dean v. Astrue, No. CIV S-07-0529 DAD, 2009 WL 800174, at *2 (E.D. Cal. Mar. 25, 2009) (finding 41 hours to be a reasonable amount of time).

Plaintiff requests that her attorney fee award be paid directly to her attorney pursuant to a written assignment attached to her EAJA application. ECF No. 22 at 5, 10. Attorney fee awards under the EAJA are payable to the litigant and are therefore subject to government offsets to satisfy any pre-existing debt owed to the United States by the claimant. Astrue v. Ratliff, 560 U.S. 586, 593, 597 (2010). Subsequent to the decision in Ratliff, courts have ordered payment of the award of EAJA fees directly to plaintiff's counsel pursuant to plaintiff's assignment of EAJA fees, provided that the plaintiff has no debt that requires offset. See Blackwell v. Astrue, 2:08-cv-1454 EFB, 2011 WL 1077765, at *5 (E.D. Cal. Mar. 21, 2011); Dorrell v. Astrue, 2:09-cv-0112 EFB, 2011 WL 976484, at *2-3 (E.D. Cal. Mar. 17, 2011); Calderon v. Astrue, No. 1:08-cv-01015 GSA, 2010 WL 4295583, at *8 (E.D. Cal. Oct. 22, 2010); Castaneda v. Astrue, 09-cv-1850-OP, 2010 WL 2850778, at *3 (C.D. Cal. July 20, 2010). Similarly, in recently submitted stipulations and proposed orders for the award of attorney fees under the EAJA, the parties have stipulated that, if plaintiff does not owe a federal debt, the government will consider the plaintiff's assignment of EAJA fees and expenses to plaintiff's attorney and shall honor the assignment by

making the fees and expenses payable directly to counsel. The court will incorporate such a provision in this order.

In accordance with the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for attorney fees under the EAJA, ECF No. 22, is GRANTED;

2. Plaintiff's motion to withdraw, ECF No., 24, is DENIED;

3. Plaintiff's amended motion for attorney's fees, ECF No. 25, is DENIED as moot;

4. Plaintiff is awarded $11,837.90 for attorney fees under 28 U.S.C. § 2412(d); and

5. Defendant shall determine whether plaintiff's EAJA attorneys' fees are subject to any offset permitted under the United States Department of the Treasury's Offset Program and, if the fees are not subject to an offset, shall honor plaintiff's assignment of EAJA fees and shall cause the payment of fees to be made directly to plaintiff's counsel pursuant to the assignment executed by plaintiff.

DATED: April 16, 2015

Allison Claire

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE